As to what constitutes a copartnership, First Nat. Bk. *v.* Gallaudet, 122 N. Y. 655 ; First Nat. Bk. *v.* Staples, 58 Hun, 606; aff'd, 126 N. Y. 669 ; Sheehan *v.* Fleethan, 58 Hun, 605; Wilson Printing Ink Co. *v.* Bowker, 27 Abb. N. C. 153; Rogers *v.* Murray, 2 Sil. (Ct. of App.), 101; Demarest *v.* Kock, 129 N. Y. 218; Hayward *v.* Barron, 46 N. Y. St. Rep. 665.

See note in 3 Sil. (Sup. Ct.) 261.

JOHN CLAFLIN *et al.*, Respondents, *v.* JOSEPH SILBERG, Appellant.

*Supreme Court, First Department, General Term, January 24, 1890.*

*Attachment. Affidavit.*—An attachment is improperly granted upon an affidavit, which contains a statement as to the disposition of property with intent to defraud creditors upon information and belief without disclosing the sources thereof or the facts to justify such statement.

Appeal from order denying motion to vacate attachment.

*E. Bien,* for appellant.

*Abram Kling,* for respondents.

PER CURIAM.—The allegation that the defendant disposed of his property with intent to defraud his creditors rests wholly upon the affidavit of the attorney, who had no personal knowledge of the facts. His statements depended upon information acquired by him, the sources of which have not been disclosed, and the practice is settled that an attachment cannot be obtained upon such an affidavit.

The affidavit made by one of the plaintiffs does not strengthen this part of the case, for while he states that the defendant assigned and disposed of and secreted his property with intent to cheat and defraud his creditors, no facts are disclosed which would justify this statement.

The order should be reversed, with ten dollars costs and disbursements, and the attachment vacated.

VAN BRUNT, P.J., BRADY and DANIELS, JJ., concur.